UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8102 FMO (MRWx) | Date | **November 23, 2022** |
|---|---|---|---|
| Title | **Shahin Sepehri Sefidab, et al. v. Alejandro Mayorkas, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Venue

On November 5, 2022, plaintiffs Shahin Sepehri Sefidab and Majid Hamidfar (together, "plaintiffs") filed a complaint against defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security; Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services; Tracy Renaud, Associate Director of Service Center Operations Directorate; and Ted H. Kim, Associate Director of Refugee, Asylum and International Operations Directorate (collectively, "defendants") seeking a writ of mandamus to compel adjudication of their pending I-730 Refugee Asylee Relative Petition. (See Dkt. 2, Complaint).

Although plaintiffs contend that venue is proper in this District, (see Dkt. 2, Complaint at ¶ 2), they do not allege any facts showing that the events giving rise to this litigation occurred in this district, nor do they allege where any of the defendants reside. (See, generally, id.); 28 U.S.C. § 1391(b), (e). Indeed, it appears that the action's only connection to this District is that plaintiffs' attorney is based in Sherman Oaks. (See Dkt. 2, Complaint at p. 1, 8).

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs shall file a First Amended Complaint no later than **December 9, 2022**, that addresses the issues referenced above.

2. The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2, and contain the case number assigned to the case. In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-8102 FMO (MRWx)** | Date | **November 23, 2022** |
|---|---|---|---|
| Title | **Shahin Sepehri Sefidab, et al. v. Alejandro Mayorkas, et al.** | | |

    3.  Plaintiffs are cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and failure to comply with a court order.  See Fed. R. Civ. P. 41; Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that when a case lays venue in the wrong district, 28 U.S.C. § 1406(a) "requires a transfer, however, only in cases where it is in 'the interest of justice.'").

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |